IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANABEL RODRIGUEZ ADORNO, et. al.

Plaintiffs

v.

HON. ROBERTO SANCHEZ RAMOS, et. al.

Defendants

CIVIL NO. 05-1561 (CCC)

**REPORT AND RECOMMENDATION**

The plaintiffs in this case are the immediate family members of several inmates who are serving their sentences in the Commonwealth's penal facilities. These inmates were released under an electronic monitoring program, however, were re-incarcerated in April, 2005, upon a determination by the Attorney General, Director of the Special Investigations Bureau, and Administrator of Corrections that they were not entitled to such benefit.

In May, 2005 the plaintiffs were served with subpoenas requiring their presence at the Department of Justice's Special Investigations Bureau (SIB). The documents at issue contained language to the effect that if plaintiffs failed to appear they would be considered guilty of a violation of the Commonwealth Witness Immunity Act. Plaintiffs were subsequently served in June 2005, with similar documents, again requesting their presence at the SIB. This new batch of documents did not contain the warning that plaintiffs' failure to appear would constitute a violation of the Witness Immunity Act.

Plaintiffs seek an order from this Court preliminarily enjoining defendants from subpoenaing and interviewing them. The assert that such action by the SIB - shortly after their relatives were re-incarcerated - violates their federally protected constitutional rights to intimate familial relationships and integrity, and to be free from unreasonable searches and seizures. More so, they contend that Commonwealth law does not allow the SIB to subpoena them.[1]

---

[1] Plaintiffs also seek damages under Section 1983 as a result of defendants' alleged malicious persecution and harassment in serving them with the subpoenas to appear at the SIB.

**CIVIL NO. 05-1561 (CCC)**  2

On July 6, 2005, the Court held a show cause hearing to discuss the propriety of preliminary injunctive relief. Supplemental memoranda were subsequently filed by the parties (Docket Nos. 17 and 18).

For purposes of ruling on the propriety of injunctive relief in this case, the Court will consider all of the allegations presented by plaintiff as true and in the light most favorable to plaintiffs. See Heartland Academy Community Church v. Waddle, 335 F. 3d 684, 685 (8th Cir. 2003); Fusco v. State of Connecticut, 815 F. 2d 201, 202 (2nd Cir.), cert. denied, 484 U.S. 849 (1987).

Under the facts of the present case, the Court concludes that the *Younger*[2] abstention doctrine requires that the requested injunctive relief be **DENIED**. Under *Younger*, abstention is required "even if a case involves a constitutional allegation and all jurisdictional and justiciability requirements are met". Rivera Schats v. Rodríguez., 310 F. Supp. 2d 405, 409 (D.P.R. 2004). *Younger* imposes an obligation on federal courts "to refrain from adjudicating the merits of federal claims where to do so would needlessly inject federal courts into ongoing criminal prosecutions". Id. (citing Brooks v. New Hampshire Supreme Court, 80 F. 3d 633, 637 (1st Cir. 1996)). In determining whether to abstain under *Younger* from enjoining an ongoing criminal proceeding the Court must consider the following: (1) whether there is an ongoing state proceeding; (2) whether such proceeding involves an important federal interest(s); and, (3) whether the state proceedings afford plaintiff an adequate opportunity to present his federal claims. Id. (citing Brooks at 638).

The Court finds all three *Younger* prongs to be met in this case. First, there is an ongoing state criminal investigative proceeding. The SIB is charged by law with the duty of conducting criminal investigations. See P.R. Laws Ann. tit. 3 § 138a et. seq.. In this instance, it is investigating why plaintiffs' relatives who were serving sentences were purportedly released way ahead of time.[3]

---

[2] Younger v. Harris, 401 U.S. 37 (1971).

[3] Plaintiffs do not allege that they themselves are the target of the ongoing criminal investigation. Needless to say, they are witnesses who may or may not have information useful to the SIB.

**CIVIL NO. 05-1561 (CCC)**                3

Such proceeding bears a very close relationship with criminal trial proceedings. See, e.g., Texas Association of Business v. Earle, 388 F. 3d 515, 520 (5th Cir. 2004) (holding that grand jury investigation was "ongoing state proceeding" for *Younger* purposes). As a matter of fact, all local prosecutions originate from investigations by local law authorities (i.e., the SIB, DOJ or Police), as there is no grand jury system in effect in Puerto Rico. See United States v. Collado, 106 F. 3d 1097, 1099 (2nd Cir. 1997). Second, the SIB's investigation implicates an important state interest. Here, there is certainly an immediate need to determine if any government officials and/or other persons participated in the wrongful early release of plaintiffs' relatives.[4] If so, such persons should be brought to justice.[5]

Finally, state proceedings afford plaintiffs an adequate opportunity to present their federal claims. Contrary to plaintiffs' assertion, the SIB cannot force them to appear, answer questions or produce any evidence. A court order is necessary to enforce the subpoenas should plaintiffs refuse to comply with the same. See Article 7 of the SIB Law, P.R. Laws Ann. tit. 3 § 138 f. And, once a valid subpoena has been issued, any plaintiff can move to quash the same, thus availing himself or herself of the opportunity to raise any federal or state constitutional and statutory defects it may contain. See Frattallone Di Gangi v. Tribunal Superior, 94 D.P.R. 104, 108-109 (1967). In addition, Puerto Rico law provides for interlocutory appellate review of any ruling of the Court of First Instance. See P.R. Laws Ann. tit. 4 § 22 K (f) (Circuit Court of Appeals); P.R. Laws Ann tit. 4 § 22 i (Supreme Court). The availability of such opportunities to litigate constitutional claims in state

---

[4] The Court notes that the Puerto Rico Circuit Court of Appeals determined that the inmates were unlawfully released. See Efraín González Fuentes v. Commonwealth of Puerto Rico, Judgment of June 20, 2005 (Civil No. KLANZ00500501).

[5] The inmates' relatives may or may not have evidence of any such criminal conduct, or information which leads to the same, regardless of whether they themselves were personally involved. This cannot be determined until plaintiffs are in fact interviewed. Of course, plaintiffs may refuse to answer any or all questions on Fifth Amendment grounds or any other privilege.

**CIVIL NO. 05-1561 (CCC)**                                    4

courts thus satisfies this final prong of the *Younger* test.[6] See Texas Association of Business, 388 F. 3d at 521; see also Judice v. Vail, 430 U.S. 327, 335-336 (1977) (holding that *Younger* is applicable to federal actions seeking to interfere with judicial enforcement of a subpoena); Doran v. Salem Inn, Inc., 422 U.S. 922, 929 (1975) (holding that *Younger* applied when criminal summonses were issued the day after filing of the federal action which was in its embryonic stage).

Plaintiffs raise an exception to the *Younger* doctrine — bad faith and/or harassment by the government. To determine if such is the case, courts must consider: (1) whether the prosecution is frivolous or undertaken with no reasonable hope of success, (2) whether the same is motivated in retaliation of the exercise of constitutional rights, or (3) it constitutes harassment and an abuse of prosecutorial discretion by the oppressive use of multiple prosecutions. Rivera Schatz, 310 F. Supp. 2d at 410.

This case does not involve multiple charges or any recurring conduct against plaintiffs. Plaintiffs have only been subpoenaed in relation to the SIB's present investigation. The fact that the subpoenas may have been served twice is inconsequent, contrary, for example, to the scenario where the same are effectively quashed, only to be reissued. More so, the government's apparent good faith in this investigation is supported by the fact that the state appeals court determined that the inmates' reincarceration was justified by law. Accordingly, the Court finds the bad faith exception to *Younger* inapplicable.[7]

For the foregoing reasons, *Younger* considerations in this case dictate that the request for preliminary injunction be **DENIED**. "The *Younger* standard and general standard for injunctive relief are closely related, being based on similar arguable principles". Lewellen v. Raff, 843 F. 2d 1103, 1113 (8th Cir.). A finding as to the propriety of *Younger* abstention is indicative that the irreparable injury requirement for an injunction to issue has not been met. See id; Rivera Schatz 310 F. Supp. 2d at 411.

---

[6] This includes plaintiffs' claims that their Fourth Amendment rights are violated in any interview, and that requiring them to appear would violate their right to family integrity.

[7] This is not to say that plaintiffs may not again raise their arguments should they move the local courts to quash any court ordered subpoenas.

**CIVIL NO. 05-1561 (CCC)**                               5

     Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 21st day of July, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge