IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANABEL RODRIGUEZ-ADORNO
CARMEN MARIA PEREZ-RODRIGUEZ
ESTHER ZENAIDA FUENTES-QUILES
ROSA BORRERO-BORRELI
BLANCA E. GUARDIOLA-CORTES
MARCOLINA SUAREZ-BAEZ
GLORIA DE LA PAZ-VIQUEIRA
WANDA LIZ GUZMAN DE-JESUS
DAISY CRUZ-OCASIO
ANTONIO CANDELARIO-AGOSTO
RAMONITA RODRIGUEZ-COLON

Plaintiffs

vs                                                                CIVIL 05-1561CCC

HON. ROBERTO SANCHEZ-RAMOS,
Secretary of Justice of the Commonwealth of
Puerto Rico,
HON. MIGUEL PEREIRA-CASTILLO,
Secretary of Corrections and Rehabilitation of
Puerto Rico and Administrator of Corrections
of the Commonwealth of Puerto Rico;
HON. ARIZ RENAN VELAZQUEZ-
LOPERENA, a Prosecutor with the Bureau of
Special Investigations of the Department of
Justice of the Commonwealth of Puerto Rico;
HON. JOSE R. LOZADA, Director of the
Bureau of Special Investigations of the
Commonwealth of Puerto Rico;
AGENT MARIA CORTES and JOHN DOE
a/k/a AGENT CRESPO, ALL IN THEIR
PERSONAL CAPACITY FOR CLAIMS AT
LAW AND INT HEIR OFFICIAL AND
REPRESENTATIVE CAPACITIES FOR ALL
CLAIMS AND RELIEF IN EQUITY, AND
FOR DECLARATORY JUDGMENT

Defendants

# O R D E R

This is a civil rights action filed under 42 U.S.C. §1983. Plaintiffs are eleven intimate relatives of convicts who were re-incarcerated by the Administration of Corrections of Puerto Rico after they had been allowed to participate in a program which permitted their release to the community with conditions of supervision. Defendants are the Commonwealth's Secretary of Justice, Roberto Sánchez-Ramos, the Secretary of the Corrections and Rehabilitation

CIVIL 05-1561CCC                              2

Department and Administrator of Corrections, Miguel Pereira-Castillo, the Director of the Bureau of Special Investigations of the Department of Justice (Bureau), José R. Lozada, a prosecutor assigned to the Bureau, Ariz Renán Velázquez, and an agent of the Department of Justice, María Córtes.

Plaintiffs allege that shortly after their relatives were re-incarcerated by orders of defendant Pereira, they started to receive subpoenas requiring their presence at the Bureau with the deliberate intent to harass them.  They claim that the issuance of the subpoenas and the concomitant criminal investigation which warranted them violated their federally protected rights to "intimate familial relationships, to family integrity, to liberty and to be free from unreasonable seizures . . ." (Complaint (docket entry 1), at p. 7, ¶ 18), and their rights "not to be deprived of their liberty interests in their close familial relationships and family integrity with their recently re-incarcerated relatives without due process of law." Id., at p. 8, ¶ 21.  They also aver that the issuance of the subpoenas were "an evident attempt to retaliate against plaintiffs for having exercised their freedom of expression and for having requested redress of grievances from government officials." Id., at p. 9, ¶ 28.

In an attempt to stop defendants from issuing and/or serving any further subpoenas, plaintiffs also moved for a temporary restraining order and a preliminary injunction (docket entry 2).  While the Court summarily denied the request for a temporary restraining order, it referred the petition for preliminary injunctive relief to the U.S. Magistrate-Judge for an evidentiary hearing and a report and recommendation (docket entry 4).  U.S. Magistrate-Judge Gustavo A. Gelpí received oral arguments on the matter (see docket entries 12 & 14), and issued his Report on July 21, 2005 (**docket entry 27**).  He there recommended that the preliminary injunction requested be denied under the doctrine of abstention established in Younger v. Harris,

CIVIL 05-1561CCC                                   3

401 U.S. 37 (1971).  Before us now are the Objections to the Report and Recommendation filed by plaintiffs on August 4, 2005 (**docket entry 31**), to which defendants responded on August 18, 2005 (**docket entry 32**).

     While we are not completely persuaded that Younger abstention is applicable here--for one thing, it is debatable whether the criminal investigation at issue constitutes an "ongoing state proceeding" under Younger, cf. Kaylor v. Fields, 661 F.2d 1177 (8th Cir.1981); Craig v. Barney, 678 F.2d 1200 (4th Cir.1982), and Monaghan v. Deakins, 798 F.2d 632 (3rd Cir.1986)--we are in complete agreement with the Magistrate-Judge's recommendation that the preliminary injunctive relief requested be denied.  It is axiomatic that in determining whether to issue a preliminary injunction we must assess four elements:  "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).  "The sine qua non of this four-part inquiry is likelihood of success on the merits:  if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

     Having carefully reviewed and considered the allegations of the complaint in the light most favorable to plaintiffs, we are constrained to conclude that they are not likely to prevail on the merits.  As we noted above, one of plaintiffs' claims is that the issuance of the subpoenas and the criminal investigation which motivated them deprived them of their right to establish intimate familial relationships with their re-incarcerated relatives.  However, we simply fail to see how the issuance of subpoenas and the corresponding criminal investigation resulted in the re-incarceration of plaintiffs' relatives which, after all, is the event that has effectively prevented them from continuing their intimate familial relationships.  There appears to be no causal nexus

CIVIL 05-1561CCC                                    4

between the wrongful conduct alleged and the constitutional violation claimed, although such a showing is axiomatic in actions brought under 42 U.S.C. §1983.  Similarly, while plaintiffs also allege that the issuance of the subpoenas deprived them of their right to be free from unreasonable seizures, the complaint lacks allegations that any of the plaintiffs were detained or arrested.  Cf. United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973) ("[A] subpoena to appear before a grand jury is not a "seizure" in the Fourth Amendment sense, even though that summons may be inconvenient or burdensome.")

      Finally, regarding the claim that the criminal investigation and the subpoenas issued pursuant to it were in retaliation for public expressions made by plaintiffs denouncing the re-incarceration of their relatives and demanding an apology, we note that the complaint lacks factual allegations actually linking the issuance of the subpoenas to the public statements made by the plaintiffs.  Other than the tenuous remark that the subpoenas were issued after plaintiffs objected to the process, no evidence in support of retaliation was presented before the U.S. Magistrate-Judge.  What the U.S. Magistrate-Judge did find, however, is that the Bureau's "investigation implicates an important state interest" and that "there is certainly an immediate need to determine if any government officials and/or other persons participated in the wrongful early release of plaintiffs' relatives."  Report (docket entry 27), at p. 3.  The existence of legitimate reasons that justify the initiation of a criminal investigation, coupled with the absence of proof tending to show an improper motive behind it, do not bode well for the prospects of plaintiffs' retaliation claim.

      In sum, plaintiffs have failed to show a likelihood of success on the merits of any of the claims pursued in their complaint.  Accordingly, and for the reasons stated, the U.S. Magistrate-

CIVIL 05-1561CCC                              5

Judge's Report filed on July 21, 2005 (**docket entry 27**) is NOTED, his Recommendation is ADOPTED, and plaintiffs' Motion for Preliminary Injunction (**docket entry 2**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on February 14, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge